## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HENRY L. KLEIN**                                                    **CIVIL ACTION**

**VERSUS**                                                           **NO. 25-1515**

**GIROD LOANCO, LLC, ET AL.**                                        **SECTION: D(5)**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) filed by Defendants Girod LoanCo, LLC, Girod Titling Trust, and Girod REO, LLC ("Defendants").[1] Plaintiff Henry L. Klein ("Klein") opposes the Motion,[2]  and Defendants have filed a Response in Support.[3]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **GRANTED,** and the case is **DISMISSED**.

### I.    FACTUAL BACKGROUND

This case follows in a series of cases both based on cases that Klein brought when he was a licensed attorney regarding Girod's purchase of notes from the FDIC that were previously held by First NBC Bank before it collapsed and based on Girod LoanCo's attempt to recover a post-foreclosure sale balance owed to Girod by Klein as the guarantor of a promissory note.[4]

On July 22, 2025, Klein instituted the instant suit by filing the Original Complaint to Enforce the Supremacy Clause of the United States Constitution, to

---

[1] R. Doc. 10.
[2] R. Doc. 22.
[3] R. Doc. 24.
[4] *See* Civ. Act. No. 21-724, Civ. Act. No. 24-1993, Civ. Act. No. 24-2161, Civ. Act. No. 24-2366, Civ. Act. No. 25-1047, Civ. Ac. No. 25-1127.

Annul All Lawsuits Filed by Girod LoanCo, LLC, and Girod Titling Trust, for Petitory Relief, for 28 U.S.C. §2201 Declaratory Judgments and a Rule 57 Speedy Hearing.[5] While not filed as a class action, in the initial complaint, Klein aims to convert this action into a class action "[u]pon Rule 23 certification."[6] On August 4, 2025, Klein filed a Supplemental and Amended Complaint in which Klein demands a speedy hearing under Rule 57; details alleged harms against non-parties, the Pittmans; and asserts violations under the Real Estate Settlement Procedures Act and the Louisiana Civil Code.[7]

Defendants filed the instant Motion to Dismiss on August 22, 2025.[8] Defendants argue that the Court lacks subject matter jurisdiction to hear the present case.[9] Defendants first contend that the Plaintiff lacks Article III standing because he himself has not suffered an injury that can be redressed by a favorable judgment in the present case.[10] Defendants further state that the Court lacks subject matter jurisdiction because the Court is barred from reviewing state court judgments under the *Rooker-Feldman* doctrine.[11] Defendants emphasize that Plaintiff's complained-of constitutional and statutory violations are intertwined with previous state court

---

[5] R. Doc. 1.
[6] R. Doc. 1 at ¶ 4. While 28 U.S.C. §1654 permits a person to appear pro se in federal court, the statute does not allow individuals without a law license to represent anyone other than him or herself. *See, e.g., Williams v. Solar Alternatives, Inc.,* No. CV 23-2533, 2023 WL 4931853 (E.D. La. Aug. 2, 2023), *report and recommendation adopted,* No. CV 23-2533, 2023 WL 6121796 (E.D. La. Sept. 19, 2023). An unlicensed lay person, therefore, cannot prosecute claims on behalf of others who are similarly situated without a licensed attorney.
[7] R. Doc. 6.
[8] R. Doc. 10.
[9] R. Doc. 10 at pp. 1-2.
[10] R. Doc. 10-5 at pp. 5-6.
[11] *Id.* at pp. 6-10.

judgments.[12]  Additionally, Defendants assert that the Court does not possess subject matter jurisdiction under 28 U.S.C. §1331 because the Plaintiff's claims contain only "incidental references" to federal law that do not create federal question jurisdiction under the statute.[13] Defendants argue that the Plaintiff's claims do not arise under the Constitution or federal law and that Plaintiff only seeks remedies under Louisiana law.[14] As a result, Defendants reiterate that the Court lacks subject matter jurisdiction over the present action.

Defendants further argue that, should the Court find that it possesses subject matter jurisdiction over the present action, the Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[15] Defendants argue that Plaintiff's requested relief of a declaratory judgment regarding judicial demands made by Defendants does not comport with substantive Louisiana law, particularly Louisiana Revised Statutes § 12:1343 and 1354.[16] Defendants contend that the no-registry-door-closing argument based on these statutes has been rejected by Louisiana appellate courts and another section of this court.[17] Defendants further assert that Real Estate Settlement Procedures Act and Regulation X only apply to residential real property and that the only property mentioned in Plaintiff's Complaint is not residential.[18]

---

[12] *Id*. at pp. 9-10.
[13] R. Doc. 10-5 at p. 10.
[14] *Id*. at pp. 11-12.
[15] *Id*. at p. 12.
[16] *Id*. at p. 14.
[17] *Id*. at pp. 15-16 (citing *Girod Titling Trust v. Hermes Health Alliance, L.L.C.*, 401 So.3d 721 (La. App. 4 Cir. 7/1/24) and *Heisler v. Kean Miller, LLC*, No. 21-CV-724, 2021 WL 5919507 (E.D. La. Dec. 15, 2021) (Morgan, J.)).
[18] *Id*. at pp. 17-18.

Plaintiff Klein filed a response in opposition.[19] In it, Klein claims that he has suffered an injury, "an invasion of a legally protected interest which was concrete and particularized," that is fairly traceable to the challenged conduct of Defendants.[20] Additionally, Klein states that the *Rooker-Feldman* doctrine is dwarfed by the fact that state courts "have mocked the ruling in *Henson v. Santander*."[21] Klein argues further that he brings no claim under Louisiana law and reiterates that this Court has subject-matter jurisdiction over the present case.[22]

In reply, Defendants emphasize that the Plaintiff's Response does not respond directly to their contentions regarding this Court's lack of subject-matter jurisdiction.[23] Defendants argue that Plaintiff does not have standing to file suit on behalf of other people and entities that are aggrieved by lawsuits and judgments.[24] Furthermore, Defendants state that Plaintiff's mention of federal statutes does not create jurisdiction because the present case neither arises under federal law nor depends necessarily on the resolution of a substantial question of federal law.[25]

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, having the power to hear only cases that present a federal question or are between citizens of different states."[26]

---

[19] R. Doc. 22.
[20] R. Doc. 22 at p. 5.
[21] R. Doc. 22 at p. 4.
[22] *Id.*
[23] R. Doc. 24 at p. 2. Defendants also note that the Pittman Family Members, mentioned in the Opposition, are not parties to the present suit.
[24] *Id.*
[25] *Id.* at p. 3.
[26] *Quinn v. Guerreo*, 863 F.3d 353, 358 (5th Cir. 2017) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006)).

"The burden of subject matter jurisdiction lies with the party asserting jurisdiction, and it must be proved by a preponderance of the evidence."[27] If the court's jurisdiction is based on a federal question, the federal question must appear on the face of the pleading.[28]  Indeed, the plaintiff need not specifically cite the federal provision under which his claims allegedly arise.[29]  "[B]ut he must allege facts sufficient to establish a colorable issue of federal law."[30]  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[31]

## III.   ANALYSIS

The Court now turns to Defendants' arguments regarding this Court's subject-matter jurisdiction over the present action:

### 1.  *The Court Lacks Federal Question Jurisdiction over the Action under to 28 U.S.C. §1331.*

The Defendants argue that this Court does not have subject matter jurisdiction over the action under 28 U.S.C. §1331.[32] They state that Plaintiff Klein seeks relief only under Louisiana law and that said relief does not depend on the resolution of a substantial federal question.[33] Furthermore, they contend that Plaintiff's failure to plead for any relief under federal law or seek redress under state law that necessarily depends upon federal law renders this Court unable to exercise subject-matter jurisdiction under 28 U.S.C. §1331.[34] Plaintiff Klein responds that he asserts no claim

---

[27] *In re S. Recycling, LLC*, 982 F.3d 374, 379 (5th Cir. 2020).
[28] *Quinn.* 863 F. 3d at 358 (citing *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)).
[29] *Id.* (citing *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014)).
[30] *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391–92 (1987)).
[31] FED. R. CIV. P. 12(h)(3).
[32] R. Doc. 10-5 at p. 10.
[33] *Id.* at p. 11.
[34] *Id.* at pp. 11-12.

under Louisiana law and that Defendants' motion "ignores the Louisiana Supreme Court ruling in *LHSAA v. Caldwell* to the effect that '... special laws...' cannot trump '... general laws...' as a matter of 14th Amendment '... equal right...' violations."[35]

"Federal question jurisdiction exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[36] "If the complaint presents no federal question, a federal court may not hear the suit."[37]

The face of the Complaint[38] invokes this Court's federal question jurisdiction and asks the Court to "enforce *Henson v. Santander*" in accordance with the supremacy clause in Article VI of the Constitution.[39] While it may appear that the well-pleaded complaint rule is met by the invocation of federal law, "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[40] The Court finds that such is the case presently. While Plaintiff has mentioned federal law, he seeks relief under Louisiana law.[41] The relief also does not "necessarily" depend on the resolution of a substantial federal

---

[35] R. Doc. 22 at p. 4.
[36] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009).
[37] *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26, 145 S. Ct. 41, 47, 220 L. Ed. 2d 289 (2025).
[38] R. Docs. 1 and 6.
[39] R. Doc. 1 at ¶ 1.
[40] *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234, 92 L. Ed. 2d 650 (1986).
[41] *See, e.g.*, R. Doc. 6 at ¶ 12 ("LOANCO and TITLING are estopped from denying that they have '...presented judicial demands...' in Louisiana Courts without authority"); R. Doc. 6 at ¶¶ 29-30 ("All instances where REO is the record owner are a sham and must be declared absolute nullities pursuant to Louisiana Civil Code Article 2480"; "REO simply has to show that it paid money out of its independent pocket - although that alone will not avoid the overarching declaration that no Girod Entity had the threshold right to present judicial demands in a Louisiana Court of law"); R. Doc. 22 at pp. 1-2 ("LOANCO's multiple foreclosures in violation of La. R.S. 12:1354 are absolute nullities.").

question.[42] While the Complaint invokes the United States Supreme Court's ruling in *Henson v. Santander*,[43] Plaintiff fails to identify how specifically that decision of federal law creates the cause of action upon which he relies or how the relief he requests depends on a resolution of a federal issue. It is Plaintiff's burden, as the one seeking to invoke the Court's jurisdiction, to prove by a preponderance that it exists.[44] For those reasons, the Court finds that it lacks jurisdiction under 28 U.S.C. §1331.

To the extent that Klein relies on violations of the Real Estate Settlement Procedures Act ("RESPA") and alleged violations of Regulation X, the Court finds that his claims under these statutes relate solely to non-parties, including the Pittman Family and Capital Crossing Servicing Company, LLC.[45] Because a *pro se* litigant cannot bring suit on behalf of another or those similarly situated,[46] these laws cannot be said to "create" the cause of action for Plaintiff Klein against Defendants.

For the foregoing reasons, the Court finds that Klein has failed to demonstrate that this Court possesses subject-matter jurisdiction over the present case in accordance with 28 U.S.C. §1331.[47] Because Klein also invokes this Court's jurisdiction under 28 U.S.C. §1332,[48] the Court must consider Defendants' additional arguments as to why this Court lacks subject-matter jurisdiction over the action.

---

[42] *See Borden* 589 F.3d at 172.
[43] 582 U.S. 79 (2017).
[44] *In re S. Recycling, LLC*, 982 F.3d 374, 379 (5th Cir. 2020).
[45] R. Doc. 6 at ¶¶ 36-38.
[46] *See* 28 U.S.C. §1654 ("In all courts of the United States the parties may plead and *conduct their own cases personally…*") (emphasis added).
[47] *See in re S. Recycling, LLC*, 982 F.3d at 379.
[48] R. Doc. 1 at ¶ 2.

## 2. *Plaintiff's Suit is Barred by the Rooker-Feldman Doctrine.*

Defendants argue, additionally, that the Court lacks subject matter jurisdiction over the present action because the *Rooker-Feldman* Doctrine bars inferior federal courts from modifying or reversing state court judgments.[49] The Defendants contend that each prong of the doctrine is met in the present case and that "creative allegations to enforce the Supremacy Clause or about alleged violations of RESPA or Regulation X on behalf of non-parties do not" affect the applicability of *Rooker-Feldman* to the present case.[50] Plaintiff Klein responds that the "*Rooker-Feldman Doctrine* does not come close to the proposition that all state court judges have mocked the ruling in *Henson v. Santander*."[51] Defendants reply that Plaintiff's statements further demonstrate the applicability of the *Rooker-Feldman* doctrine because Plaintiff "doubles down on his request that this Court declare absolutely null all state court lawsuits to which LoanCo and Trust are parties."[52] Defendants emphasize that such a request is barred by *Rooker-Feldman*.

The Court agrees with Defendants that the *Rooker-Feldman* doctrine bars the exercise of subject matter jurisdiction over the present case. "Reduced to its essence, the *Rooker-Feldman* doctrine 'holds that inferior federal courts do not have the power to modify or reverse state court judgments.'"[53] "The doctrine applies where: 1) the plaintiff loses in the state court proceeding, 2) the plaintiff's complaint alleges the

---

[49] R. Doc. 10-5 at p. 6.
[50] *Id*. at p. 8.
[51] R. Doc. 22 at p. 4.
[52] R. Doc. 24 at p. 2.
[53] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004).

state court judgment causes an injury, 3) the judgment was rendered before federal proceedings commenced; and 4) the plaintiff seeks review and rejection of the state court judgment."[54]

Each of these elements is met here. As to the first element, the state court's July 7, 2023 order granting summary judgment was both a final judgment under Louisiana law and adverse to Klein, against whom summary judgment was granted.[55] Second, Klein appears to allege that the state court litigation, including the final judgment, caused injuries.[56] Third, the state court judgment was rendered on July 7, 2023—well before this case was filed on July 22, 2025.[57]

Finally, Klein's chief complaint is that the state court erred in issuing a judgment against Klein. Klein's Complaint makes plain that he will request the Court "to certify a class of all FNBC Guarantors were filed and remain pending."[58] But it becomes clear that what Klein really seeks is the reversal of the state court judgment by his statement that "no Girod Entity had the threshold right to present judicial demands in a Louisiana Court of law."[59] Such statement within the body of the Complaint represents an invitation to this Court to reject the state court's

---

[54] *Williams v. Trosclair*, 627 F.Supp.3d 594, 603 (E.D. La. Sept. 14, 2022) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[55] R. Doc. 10-2 at p. 2 ("This is a final appealable judgment.").

[56] R. Doc. 1 at ¶ 4 ("[O]n June 15, 2021, Klein was sued by Girod LoanCo, LLC ("LOANCO") in the Civil District Court for the Parish of Orleans at Docket 2021-5090, *Girod LoanCo, LLC v. Henry L. Klein*, giving him standing against LOANCO as a *pro se* litigant…").

[57] R. Docs. 1 and 10-2 at p.2.

[58] R. Doc. 1 at p. 2. The Court notes that, while the Fifth Circuit does not have a blanket prohibition on pro se plaintiff's serving as class representatives, "courts throughout this circuit consistently hold that *pro se* plaintiffs may not serve as class representatives." *Williams v. Solar Alternatives, Inc.*, No. CV 23-2533, 2023 WL 4931853, at *2 (E.D. La. Aug. 2, 2023) (collecting cases), *report and recommendation adopted*, No. CV 23-2533, 2023 WL 6121796 (E.D. La. Sept. 19, 2023).

[59] R. Doc. 1-1 at p. 6.; R. Doc. 6 at ¶ 30.

judgment. Furthermore, even if this was not Klein's chief prayer in filing the present suit, this suit would still be barred by the *Rooker-Feldman* doctrine. Klein "cannot circumvent [the *Rooker-Feldman* doctrine] by asserting claims not raised in the state court proceedings or claims framed as original claims for relief," because "these claims are 'inextricably intertwined' with [the] state judgment[.]"[60] Further, Plaintiff's claims of violations of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601 *et seq.*, and Regulation X by non-party Capital Crossing Servicing Company, LLC ("CCSC") as it relates to non-parties, such as the Pittman Family, do not serve to confer subject-matter jurisdiction upon this Court. Such a maneuver would necessarily require this Court to review the July 7, 2023 state court judgment, "and the originality of the district court's jurisdiction precludes such a review."[61] This prong, therefore, like the others, is met. For these reasons, the Court finds that it lacks subject-matter jurisdiction to hear the present case.[62]

While Plaintiff has not requested leave to amend his Complaint, the Court will "freely give leave [to amend] when justice so requires."[63] Nonetheless, leave to amend "is by no means automatic."[64] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[60] *Heisler v. Girod LoanCo, LLC*, No. 21-CV-1343, 2021 WL 4125057, at *3 (E.D. La. Sept. 9, 2021) (citing *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009)) (internal quotations omitted).

[61] *Id.* (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)) (internal quotations omitted).

[62] Because the Court has found that it lacks subject-matter jurisdiction under 28 U.S.C. § 1331 and under the *Rooker-Feldman* Doctrine, it need not address the standing arguments or Defendants' Motion to Dismiss for Failure to State a Claim.

[63] Fed. R. Civ. P. 15(a).

[64] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).

prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[65] The Court finds that Plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.[66] Denying leave to amend Plaintiff's Complaint "is not an abuse of discretion if allowing an amendment would be futile."[67] Here, allowing leave to amend the Complaint would be futile because there is no set of facts that would confer this Court with the subject-matter jurisdiction to hear the present case.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims brought by Plaintiff against Defendants in this case are **DISMISSED without prejudice** due to this Court's lack of subject-matter jurisdiction over the action.

New Orleans, Louisiana, January 27, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[65] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[66] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.").
[67] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).