**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HENRY L. KLEIN**                                              **CIVIL ACTION**

**VERSUS**                                                      **NO. 25-1515**

**GIROD LOANCO, LLC, ET AL.**                                   **SECTION: D(5)**

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion for Reconsideration of Order of Dismissal, filed by Plaintiff Henry L. Klein.[1] In it, Plaintiff requests that this Court reconsider its Order of Dismissal[2] for several reasons. Defendants Girod LoanCo, LLC, Girod Titling Trust, and Girod REO, LLC ("Defendants") filed a response in opposition,[3] and Plaintiff has replied.[4] After a thorough review of the parties' memoranda, the record, and the applicable law, the Court declines to reconsider its finding regarding subject-matter jurisdiction, and because it lacks jurisdiction over the present action, the Court does not possess the authority to consider the present motion and thus **DENIES** it.[5]

## I.    BACKGROUND

This case is the most recent in a series of cases based on (1) cases that Plaintiff Klein brought when he was a licensed attorney regarding Girod's purchase of notes from the FDIC that were previously held by First NBC Bank before it collapsed and

---

[1] R. Doc. 54.
[2] R. Doc. 53.
[3] R. Doc. 57.
[4] R. Doc. 59.
[5] 13 FED. PRAC. & PROC. JURIS. § 3522 Courts of Limited Jurisdiction (3d ed. 2026) ("A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power.").

based on (2) Girod LoanCo's attempt to recover a post-foreclosure sale balance owed to Girod by Klein as the guarantor of a promissory note.[6] Having previously found that the Court lacks subject-matter jurisdiction over the action because the Court lacks federal question jurisdiction over the action and because Plaintiff's suit is barred by the *Rooker-Feldman* Doctrine,[7] the Court now addresses Plaintiff's motion that it reconsider that finding.[8]

## II.    LAW AND ANALYSIS

Plaintiff moves for reconsideration under Fed. R. Civ. P. 59 and urges the Court to reconsider its previous Order and Reasons dismissing the present action for want of subject-matter jurisdiction.[9] Because Plaintiff's motion seeks reconsideration of an order dismissing the case, the Court analyzes such a motion under Fed. R. Civ. P. 59(e). "A motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources."[10] Motions to reconsider under the rule "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[11] When analyzing this type of motion, courts consider four factors: "(1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable

---

[6] *See* Civ. Act. No. 21-724, Civ. Act. No. 24-1993, Civ. Act. No. 24-2161, Civ. Act. No. 24-2366, Civ. Act. No. 25-1047, Civ. Ac. No. 25-1127.

[7] R. Doc. 53.

[8] R. Doc. 54.

[9] R. Doc. 53.

[10] *United Specialty Ins. Co. v. Truong*, No. CV 21-480, 2021 WL 5961651, at *4 (E.D. La. Dec. 16, 2021), *aff'd*, No. 22-30027, 2022 WL 3097367 (5th Cir. Aug. 3, 2022).

[11] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

evidence exists; (3) the initial decision was manifestly unjust; or (4) an intervening change in law alters the appropriate outcome."[12]

Plaintiff fails to present any evidence or argument that his motion is predicated upon newly discovered or previously unavailable evidence or that there was an intervening change in law that alters the Court's decision in its previous Order and Reasons. Thus, his motion rests on two possible grounds for reconsideration: (1) that the decision is based on a manifest error of fact or law or (2) that the Court's previous decision was manifestly unjust. Plaintiff has failed to establish either ground for reconsideration.

Plaintiff argues that reconsideration of the Court's prior Order and Reasons "will fulfill '...the virtually unflagging obligation of this Court to exercise its jurisdiction given ...'"[13] and cites several Supreme Court cases "that constitute '...the supreme law of the land...'" What Plaintiff fails to do, however, is describe how these cases relate to the present case such that the present case arises out of a question of federal law.[14] Plaintiff does not describe how these cases create the cause of action in the present case.

Nor does Plaintiff explain why the *Rooker-Feldman* doctrine should not apply to the present case. "Reduced to its essence, the *Rooker-Feldman* doctrine 'holds that inferior federal courts do not have the power to modify or reverse state court

---

[12] *Truong*, 2021 WL 5961651, at *4.

[13] R. Doc. 54-1 at p. 3.

[14] A suit brought pursuant to a federal court's federal question jurisdiction must "arise out of a controversy between the parties in regard to the operation and effect of the Constitution or laws upon the facts involved." *Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 507, 20 S. Ct. 726, 726–27, 44 L. Ed. 864 (1900).

judgments.'"[15] The Court previously held that each element of the doctrine was met in the present case, and Plaintiff has presented neither new evidence nor novel argument that the doctrine is inapplicable.[16] Furthermore, as the Court noted previously, Plaintiff "cannot circumvent [the *Rooker-Feldman* doctrine] by asserting claims not raised in the state court proceedings or claims framed as original claims for relief," because "these claims are 'inextricably intertwined' with [the] state judgment[.]"[17] For those reasons, the Court reiterates that it lacks jurisdiction over the action both under 28 U.S.C. § 1331 and the *Rooker-Feldman* doctrine.[18] Its prior Order and Reasons was neither based on a manifest error of fact or law nor manifestly unjust. The Court declines to reconsider it.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Order of Dismissal[19] is **DENIED**.

---

[15] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (quoting *Reitnauer v. Texas Exotic Feline Found., Inc.* (*In re Reitnauer*), 152 F.3d 341, 343 (5th Cir.1998)).

[16] *See* R. Doc. 53; *see also* R. Doc. 54-1 at pp. 7-8.

[17] *Heisler v. Girod LoanCo, LLC*, No. 21-CV-1343, 2021 WL 4125057, at *3 (E.D. La. Sept. 9, 2021) (citing *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009)) (internal quotations omitted).

[18] The Court briefly addresses Plaintiff's other arguments: as to Plaintiff's arguments about his Motion for Summary Judgment (R. Doc. 45), the Court cannot consider the motion because it lacks subject-matter jurisdiction over the underlying action. Furthermore, as the Court previously stated, Plaintiff is not permitted represent a class of plaintiffs in the present action and has provided no authority from any district court or court of appeals that a *pro se* litigant is permitted to do so. *See* R. Doc. 53 at n. 58. ("The Court notes that, while the Fifth Circuit does not have a blanket prohibition on pro se plaintiff's serving as class representatives, 'courts throughout this circuit consistently hold that *pro se* plaintiffs may not serve as class representatives.' *Williams v. Solar Alternatives, Inc.,* No. CV 23-2533, 2023 WL 4931853, at *2 (E.D. La. Aug. 2, 2023) (collecting cases), *report and recommendation adopted,* No. CV 23-2533, 2023 WL 6121796 (E.D. La. Sept. 19, 2023).").

[19] R. Doc. 54.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

New Orleans, Louisiana, May 12, 2026.

**WENDY B. VITTER**
**United States District Judge**